UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01061 AG (JCGx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

**Proceedings:** **[IN CHAMBERS] ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Defendants Bank of America, N.A., and Cori Sanchez invoked that limited jurisdiction when they filed a notice of removal in this Court. *See id.* ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction.").

Plaintiff Sean Richardson's claims concern state law—for example, state wage-and-hour law, unfair business practices, retaliation, and wrongful termination. (Compl., Dkt. No. 1-1.) So federal question jurisdiction obviously doesn't exist here. Instead, Defendants say this Court has "diversity jurisdiction." *See* U.S. Const. art. III, § 2 ("The judicial Power shall extend to all Cases . . . between Citizens of different States."); 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States.").

The Court now identifies two areas of concern regarding its jurisdiction.

(1) The plaintiff appears to be a California citizen, and Defendant Bank of America is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01061 AG (JCGx) | Date | June 27, 2017 |
|---|---|---|---|
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

North Carolina citizen. (Notice of Removal, Dkt. No. 1 at 3–4.) But the defendants contend that "Plaintiff has fraudulently joined Sanchez" in "an attempt to destroy diversity of citizenship." (*Id.* at 4.) For the defendants to succeed on this "fraudulent joinder" argument, they must convince the Court that after resolving "all disputed questions of fact and all ambiguities in the controlling state law . . . in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). The failure to state a claim against a non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

(2) The notice of removal states that "the amount-in-controversy exceeds the sum of $75,000," even though "Plaintiff's Complaint does not allege a specific total amount in controversy." (Notice of Removal, Dkt. No. 1 at 3, 8.) A defendant seeking to remove a case to a federal court need only file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). Ordinarily, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). But if the plaintiff or the Court does contest that allegation, then "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, *by the preponderance of the evidence*, that the amount in controversy exceeds" the relevant jurisdictional threshold. *See* 28 U.S.C. § 1446(c)(2)(B) (emphasis added). "In such a case," the Supreme Court has said, "*both sides submit proof* and the [district] court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee*, 135 S. Ct. at 554 (emphasis added).

Defendants representations here, though an admirable start, don't provide the Court enough information to make a determination that diversity-of-citizenship and the amount-in-controversy requirements have both been appropriately satisfied.

"Nothing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted). Accordingly, the Court ORDERS Plaintiff to appear on **July 31, 2017 at 9:00 a.m.** to show cause why this case should not be dismissed for lack of subject matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 17-01061 AG (JCGx) | Date | June 27, 2017 |
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

  :   0

Initials of Preparer   lmb