UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-01061 AG (JCGx) | Date | August 4, 2017 |
|---|---|---|---|
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER REMANDING CASE

Defendants Bank of America, N.A. and Cori Sanchez removed this case from the Orange County Superior Court. (Notice of Removal, Dkt. No. 1 at 3–9.) Plaintiff Sean Richardson's claims all concern state law—for example, state wage-and-hour law, unfair business practices, retaliation, and wrongful termination. (Compl., Dkt. No. 1-1.) On reviewing the notice of removal, the Court questioned Defendants' basis for asserting federal-court jurisdiction. As such, the Court set an order to show cause and held a hearing concerning the jurisdictional requirements of 28 U.S.C. § 1332(a). (Order, Dkt. No. 8 at 1–2.) After considering the parties' filings and arguments, the Court REMANDS this case to state court.

Federal courts possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside of [a federal court's] limited jurisdiction," and "the burden of establishing the contrary rests upon the party asserting jurisdiction."). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of federalism, due respect for the state courts, comity,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01061 AG (JCGx) | Date | August 4, 2017 |
|---|---|---|---|
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941); *see also In re La Providencia Dev. Corp.*, 406 F.2d 251, 252 (1st Cir. 1969) ("Removal in diversity cases, to the prejudice of state court jurisdiction, is a privilege to be strictly construed.") In short, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

At the hearing in this matter, defense counsel suggested that this Court lacks power to raise jurisdictional issues *sua sponte*. Not so: "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal quotation marks omitted). In fact, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

While it's true that some limitations on diversity-based removal are waivable, that's only because those limitations are considered "procedural" or "non-jurisdictional" rules. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939–42 (9th Cir. 2006) (holding that the "forum defendant rule," codified at 28 U.S.C. § 1441(b)(2), is a waivable defect that must be raised within 30 days). But the forum defendant rule and other such procedural limitations are "[s]eparate and apart from the statute conferring diversity jurisdiction." *See id.* at 939. So, despite defense counsel's contrary argument, this Court is always obligated to consider the mandatory jurisdictional requirements of 28 U.S.C. § 1332(a)—for example, whether there is "complete diversity" between all plaintiffs and all defendants. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

When Plaintiff filed this lawsuit, he included Cori Sanchez as a named Defendant. (Compl., Dkt. No. 1-1 at 3.) It's uncontested that Sanchez is a California citizen, and her presence in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01061 AG (JCGx) | Date | August 4, 2017 |
|---|---|---|---|
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

this case would defeat diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1); *Allapattah Servs., Inc.*, 545 U.S. at 553 ("[T]he presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). Bank of America now argues that removal was proper, despite the presence of a non-diverse defendant, because Sanchez was "fraudulently joined" or a "sham defendant." *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Sys. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

As this Court has previously recognized, allegations of fraudulent joinder are "increasingly being made in federal courts," and, "as the prevalence of this argument grows, so does its misuse." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1157 (C.D. Cal. 2009). Defendants have failed to meet their burden of establishing that Sanchez is a sham defendant and, thus, the Court concludes that "complete diversity" is lacking. Here, Plaintiff specifically asserts two claims against Defendant Sanchez for violations of state labor law. (Compl., Dkt. No. 1-1 at 19–21, 23.) Indeed, on the face of the complaint, Plaintiff alleges that Sanchez was her direct supervisor at Bank of America, that she played a central role in the events leading to her termination, and that she acted contrary her obligations under state law. (*Id.* at 3–4, 10–12, 21.) Even if the complaint were found to be insufficient to state claims against Sanchez, Defendants have failed to establish that Plaintiff wouldn't be given leave to amend his complaint to cure any purported deficiencies. *See Padilla*, 697 F. Supp. 2d at 1159. As this Court has previously said, "[t]he words fraud and sham imply a degree of chicanery or deceit, and a state court plaintiff engaging in a common strategy of pleading broadly does not engage in a fraud or sham." *See id.* at 1160. Because there isn't complete diversity, the Court need not address the additional challenge facing the removing party concerning the amount in controversy.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-01061 AG (JCGx) | Date | August 4, 2017 |
|---|---|---|---|
| Title | SEAN RICHARDSON v. BANK OF AMERICA, N.A. ET AL. | | |

Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists." *See Arbaugh*, 546 U.S. at 514. With that, and after considering the parties' filings and arguments, the Court REMANDS this case to the Orange County Superior Court.

  : 0

Initials of Preparer    lmb